**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. _____** |
| | : | |
| | : | |
| **RENEE A. LANGLEY,** | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| | : | |
| | : | |
| Defendant. | : | |

**INFORMATION**

The United States Attorney charges that:

**COUNT ONE**
**(WIRE FRAUD)**

At all times material to this information:

1.  Between June 2003 and October 2004, defendant RENEE A. LANGLEY was employed by George Washington University ("GWU") as an executive aid in the Treasury Management Division ("TMD"). The TMD handled checks, vendor payments, wire transfers, and banking relationships for accounts not directly related to student enrollment. Defendant RENEE A. LANGLEY's job duties included dealing with contributions from endowments and wills and trusts as well as providing administrative support to the Director of Cash Management and the Associate Vice President of Finance.

2.  In her employment capacity, defendant RENEE A. LANGLEY was authorized to initiate preparation of cashier's checks issued by Riggs Bank from GWU's working capital account to approved vendors as payment or prepayment for services rendered or legitimate expenses.

Defendant RENEE A. LANGLEY was also authorized to issue payment requests to the accounts payable department for prize/award checks to be issued to students through GWU's working capital account, number XXX923. Defendant RENEE A. LANGLEY had access and was authorized to check funds available in endowment accounts prior to sending requests to the accounts payable department. GWU also issued defendant RENEE A. LANGLEY a credit card (called a purchase card or "P card") for her to use for work-related expenses. As was the case with all GWU employees, defendant RENEE A. LANGLEY was required to obtain authorization from her supervisor for purchases made with this card.

3. While employed at GWU, defendant RENEE A. LANGLEY devised and participated in a scheme in which she embezzled over $75,748.43 in funds from GWU using three general methods. First, she caused cashiers checks to be issued on GWU bank accounts made payable to businesses or family members or other individuals that she then endorsed and used for her own purposes. Second, she used her P-card, to pay for personal items and services not related to her work and not authorized by her supervisors or GWU's P-card office. Third, she obtained a Verizon cellular phone account in the name of a co-worker and without her co-worker's authorization, obtained a second phone line associated with the cell phone account that she used to make personal phone calls.

4. Starting in or about June 2003 and continuing through in or about October 2004, defendant RENEE A. LANGLEY caused Riggs Bank to issue $68,871.69 in cashier's checks for her personal benefit and used her GWU-issued credit card to make $5,895.30 in unauthorized purchases for her personal benefit. In addition, she used the Verizon cellular phone account that she had fraudulently obtained to make in excess of $981.44 in personal phone calls.

5. Between in or about June 2003 and continuing through in or about October 2004,

defendant RENEE A. LANGLEY for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by wire certain writings, signs, signals, pictures, or sounds.  Specifically, on December 23, 2003, while in her office in the District of Columbia, defendant RENEE A. LANGLEY used her P-card to purchase an electronic airline ticket for $749.00 from Alaska Airlines, for round-trip airfare between Washington, D.C.- Dulles to Seattle, Washington on behalf of her son.  Defendant RENEE A. LANGLEY's supervisor at GWU was not aware that she had made this purchase and did not authorize it.  In making this purchase, Defendant RENEE A. LANGLEY transmitted and caused to be transmitted by means of wire communication in interstate commerce, e-mail communications to Alaska Airlines, a company located in Seattle, Washington.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

Respectfully submitted,

KENNETH WAINSTEIN
United States Attorney for the District of Columbia

By:

KIM HERD
Assistant United States Attorney
DC Bar #461615
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-9370