HONORABLE RICARDO M. URBINA, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-00081</u> |
| --- | --- | --- |
| vs. | : | SSN: _____ |
| LANGLEY, Renee A. | : | Disclosure Date: <u>June 6, 2006</u> |

**FILED**
SEP 7 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>RECEIPT AND ACKNOWLEDGMENT OF
PRESENTENCE INVESTIGATION REPORT</u>

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

<u>For the Government</u>

(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
**Prosecuting Attorney**                                     Date

<u>For the Defendant</u>

(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
(X)  There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____    _____ 6/21/06
**Defendant**            Date                    **Defense Counsel**         Date

<u>NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM</u>

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>June 16, 2006</u>, to U.S. Probation Officer <u>Tennille Losch</u>, telephone number <u>(202) 565-1385</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
      United States Probation Officer

| | | |
|---|---|---|
| Jonathan Jeffress/DCF/DC/FDO@FDO | To | Tennille Losch/DCP/DC/USCOURTS@USCOURTS@USCEXT |
| 06/21/2006 04:17 PM | cc | |
| | bcc | |
| | Subject | Re: Langley, 06-cf-81 |

Hi Tennille -- as promised, here's my objection. Thanks for the extra time!

      We respectfully object to pargraph 48. As an initial matter, the account of what happened at Southern Maryland Hospital is not based on reliable information. Mr. Zellar does not know Mr. Langley and was not involved in the account set forth in paragraph 48. We respectfully request that the Probation Office speak with the person who in fact supervised Ms. Langley during her employment at Southern Maryland Hopital, the Chief Financial Officer, Chuck Stewart. Unlike Mr. Zellar, Mr. Stewart has first hand knowledge of Ms. Langley's job performance and the terms on which she left her position.

      Furthermore, with respect to Angie Beverly, our information is that her hostility towards Ms. Langley stemmed from Ms. Langley's inadvertant discovery that Ms. Beverly was having multiple workplace affairs. After Ms Langley learned of them, Ms. Beverly sought (unsuccessfully) to have her terminated.

      Given the conflicting accounts and the marginal relevance (at best) of the bulk of pargraph 48, we respectfully request that you take out at least the final 80% of this paragraph.


Tennille Losch/DCP/DC/USCOURTS@USCOURTS



| | | |
|---|---|---|
| **Tennille Losch/DCP/DC/USCOURTS @USCOURTS** | To | Jonathan Jeffress/DCF/DC/FDO@FDO |
| 06/19/2006 04:22 PM | cc | |
| | Subject | Langley, 06-cf-81 |


Mr. Jeffress, per your request here is the new wording for paragraph 48. I received your fax and I will make the grammatical changes. Also, for your future reference, my first name is spelled with two n's. Please let me know if you have anything further to discuss. Thank you.


48.    From November 1, 2004, until February 23, 2005, the defendant was employed by Southern Maryland Hospital located in Clinton, Maryland. According to the defendant, the "job was a temporary position and I left when the position closed." On May 30, 2006 and June 19, 2006, we contacted and spoke with Human Resource Director Paul Zellar, who stated that the defendant worked for the company as she reported. Ms. Langley was hired in a full-time position as a Payroll Assistant and paid $14.89 per hour. However, Mr. Zellar noted the position was not a temporary position, but rather the defendant was "terminated for cause." When asked to elaborate, Mr. Zellar stated according to the defendants, "terminated action notice," dated and

signed by her supervisor on February 23, 2005, Ms. Langley "was a disgruntled employee and was not to be rehired due to attitude." Mr. Zellar went on to say the terminated action notice is something placed into a "person's personnel file," when their employment with the company ends. Mr. Zellar said he spoke with Ms. Langley's former supervisor, Angie Beverly, who related that Ms. Langley did not "follow the rules" during her 90 days probationary period and made "threatening remarks" toward her. According Mr. Zellar, Ms. Langley, after having a "disagreement" with her supervisor (Mrs. Beverly) stated, "I know where you live, I know what car you drive, and I will tell your husband how you flirt with your male co-workers." The supervisor felt threatened by Ms. Langley and due to that and other job related problems she was fired. No charges were filed against Ms. Langley by the supervisor.

Tennille Losch
United States Probation Officer
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001
(202) 565-1385 (direct line)
(202) 273-0193 (fax)

Receipt and Acknowledgment                                        Page 2

See Attached e-mail and fax to you of 6/20/06.

Thank you

Signed by: _____
(Defendant/Defense Attorney/AUSA)

Date: 6/21/06